UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HANNA E. WOSKOBOINIK,

                       Plaintiff,

           – against –

EL AL ISRAEL AIRLINES, LTD,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

21 Civ.

**Complaint and Jury Demand**

Plaintiff, . ("El Al"), and respectfully sets forth to the Court as follows:Hanna E. Woskoboinik, by and through her attorney, Corey Stark PLLC, complains of El Al Israel Airlines, Ltd

## NATURE OF THE ACTION

1. This is an action to recover damages for El Al's discrimination on the basis of age in the terms, conditions, and privileges of employment under 29 U.S.C. Section 621 *et seq.* ("ADEA"), on the basis of gender in the terms, conditions, and privileges of employment under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), and on the bases of age and gender under both the New York Executive Law Section 290 *et seq.* ("NYSHRL") and the Administrative Code of the City of New York Section 8-801 *et seq.* ("NYCHRL"). This is also an action to recover damages for El Al's violation of the Federal Equal Pay Act, 29 U.S.C. Section 206(d)(1) (the "Federal EPA") and the New York State Equal Pay Act, New York Labor Law Section 194 (the "New York EPA").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

## VENUE

3. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On May 5, 2021, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter") which permitted Plaintiff to file a civil action within ninety days of Plaintiff's receipt of the Right-to-sue Letter.

6. Plaintiff commenced this action within ninety days of her receipt of the Right-to-sue Letter.

7. Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff is female, and her date of birth is May 29, 1944.

9. At all times hereinafter mentioned Plaintiff was and still is a resident of the City, County, and State of New York.

10. At all times material herein Plaintiff was an "Employee" entitled to protection with the meaning of the Federal EPA, the New York EPA, Title VII, the ADEA, the NYSHRL, and the NYCHRL.

11. El Al is a foreign corporation with its principal office located at 100 Wall Street, 4th Floor, within the City, County, and State of New York.

12. Upon information and belief, El Al was and still is a commercial airline company founded in 1948.

13. El Al is an "Employer" within the meaning of the Federal EPA, the New York EPA, Title VII, the ADEA, the NYSHRL, and the NYCHRL.

14. This action arises out of El Al's wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND

15. El Al has employed Plaintiff for more than forty-seven (47) years

16. In 1973 Plaintiff commenced her employment by El Al with the title or position of Lead Agent.

17. El Al did not engage in a consistent practice of providing Plaintiff with annual written performance appraisals, but when evaluations were completed Plaintiff received "high evaluation" ratings.

18. In 1984, based on her competent, faithful, diligent, and outstanding work performance, El Al promoted her to Supervisor in the Personnel Department.

19. As Personnel Supervisor Plaintiff was responsible for handling all human-resource matters for El Al's employees in the United States.

20. In 1998 El Al changed the name of Plaintiff's department from the Personnel Department to the Human Resources and Administration Department.

21. In 2000 Plaintiff received another promotion to the title or position of Assistant Manager of El Al's Human Resources and Administration Department.

22. Plaintiff performed her job duties so well that in 2002 El Al presented her with an "Outstanding Employee" award and gave her a performance-based bonus.

23. In May 2004 Plaintiff received yet another promotion to the title or position of Human Resources Manager in El Al's Human Resources & Administration Department.

25. In March 2005 the Human Resources & Administration Department was reorganized to include two managers, a Human Resources Manager and an Administration Manager.

26. Of these two positions Plaintiff was named Administration Manager while the other position, Human Resources Manager, was filled by a man with no human-resources experience (Plaintiff's "Comparator"), yet Plaintiff was informed by El Al that the two would be equal managers of the Human Resources & Administration Department.

27. On March 27, 2020, El Al terminated Plaintiff's employment without notice or cause.

**PERVASIVELY HOSTILE WORK ENVIRONMENT & AGE DISCRIMINATION**

28. During Plaintiff's employment by El Al, the company created, promoted, and maintained a pervasively hostile work environment and atmosphere.

29. At 75 years old, Plaintiff was El Al's oldest employee.

30. In Israel all El Al employees must retire at age 67, and employees are often encouraged to retire at age 62.

31. El Al's management was well aware of Plaintiff's age.

32. Plaintiff was subjected to constant discrimination based upon her age, which included, without limitation, discriminatory comments, innuendo, and verbal harassment.

33. These comments, innuendo, and verbal harassment included, but were not limited to, the following:

    (a) a Vice President saying, "Now that you are in your mid-seventies, are you thinking about leaving El Al soon?"

    (b) a Manager encouraging Plaintiff to retire by saying, "How long do you think you want to work here – you are over 70, right?"

    (c) a Manager repeatedly describing Plaintiff as "too old"

    (d) Managers resisting hiring/promoting persons younger than Plaintiff because they were "too old" and

    (e) a Manager saying that persons over 60 years of age were "too old to work for El Al."

34. Plaintiff was singled out for harassment based upon her age.

35. El Al treated Plaintiff differently than similarly situated younger employees. For example, refusing Plaintiff promotions; paying Plaintiff disparate wages; and requiring Plaintiff to do the work of the Comparator.

36. El Al's campaign of harassment and disparate treatment continued until March 27, 2020, when El Al gave Plaintiff notice that it was terminating her employment.

37. The reason given for Plaintiff's termination was that El Al was eliminating Plaintiff's position due to the COVID-19 pandemic.

39. El Al's reason for its decision to terminate Plaintiff's employment was a pretext for discrimination, as Plaintiff's age was the actual motivating factor in El Al's decision to terminate Plaintiff's employment, a fact made obvious because El Al retained Plaintiff's younger, less experienced Comparator.

40. Thereafter Plaintiff's Comparator resigned, and rather than retain Plaintiff in a position she had run skillfully and competently for decades, El Al replaced her with someone approximately thirty-five years her junior who was significantly less qualified.

41. El Al then hired at least one other younger, less qualified person in the Human Resources & Administration Department.

## EQUAL PAY ACT/GENDER DISCRIMINATION

42. Plaintiff was named Human Resources Manager in 2004, and at that time she was informed by an El Al Vice President that she was well-qualified for the position but did not receive it earlier because "you are a woman."

43. In March 2005 El Al moved Plaintiff laterally to the position of Administration Manager, and alongside her hired as Human Resources Manager the Comparator, a man who was a failed helicopter pilot with no human-resources experience.

44. Plaintiff was forced to train the Comparator, whose ignorance of the field of human resources was evinced by asking questions like "What is the FMLA?" and who believed that sexual harassment could not occur unless the persons involved actually had sex.

45. The Comparator was also unable to read English well.

46. The Comparator was as ill-suited as he was ill-equipped to work in a human-resources capacity.

47. Rather than maintain a safe, professional work environment, this Comparator created and fostered a pervasively hostile work environment, which included, without limitation, comments, innuendo, and verbal harassment.

48. Such comments, innuendo, and verbal harassment included, but were not limited to, the following:

    (a) the Comparator asking a female employee whether she was "sucking someone off" when she bent down to pick something up;

    (b) the Comparator openly describing others engaging in sexual relations;

    (c) the Comparator unzipping his pants to display his underpants;

    (d) the Comparator commenting about the size of the breasts of some female employees;

    (e) the Comparator describing some of his female co-workers as "sexy";

    (f) the Comparator discussing having anal sex with his wife;

    (g) the Comparator telling a female co-worker that she has "the body of a model";

    (h) the Comparator telling a female co-worker that she is a "dream woman";

    (i) the Comparator constantly talking about sex; and

    (j) the Comparator frequently touching, rubbing, and embracing his female co-workers.

49. The Comparator was the subject of numerous gender discrimination and sexual harassment complaints in which he was described as "a sex maniac," "creepy," "a sick man," and someone with a "sex sickness."

50. El Al failed to investigate or address complaints made against the Comparator.

51. On several occasions a member of El Al's management laughed when he received complaints about the Comparator.

52. Although the Comparator was not disciplined, all but one of his supervisees were transferred to Plaintiff, which meant that Plaintiff supervised five employees and not a single person reported to the Comparator.

53. Even though the Comparator engaged in regular sexual harassment and inappropriate behavior as set forth above and was, besides, less qualified and less experienced than Plaintiff, he was paid by El Al significantly more than Plaintiff, his similarly-situated female Comparator.

54. Plaintiff and the Comparator were both managers of the Human Resources & Administration Department.

55. Plaintiff and the Comparator had identical performance goals, and their jobs required substantially equal skill and effort.

56. Plaintiff's pay grade was 10A while the Comparator's pay grade was 12A, which means Plaintiff was paid approximately twenty-five percent less than the Comparator.

57. El Al engaged in a pattern and practice of paying Plaintiff significantly less than her Comparator and other male employees who were below her on the hierarchical scale.

58. Gender has motivated El Al's decision to pay Plaintiff significantly less than her similarly-situated Comparator.

59. El Al's conduct constitutes a violation of the Federal Equal Pay Act and the New York EPA.

## AS AND FOR A FIRST COUNT

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

61. El Al unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age. By reason thereof, El Al has violated the ADEA.

62. As a direct and proximate result of El Al's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of El Al's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

63. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SECOND COUNT

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

65. El Al unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her gender. By reason thereof, El Al violated Title VII.

66. As a direct and proximate result of El Al's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of El Al's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

67. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A THIRD COUNT

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

69. El Al unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of her age and gender. By reason thereof, El Al has violated the NYCHRL.

70. As a direct and proximate result of El Al's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of El Al's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

71. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A FOURTH COUNT

72. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

73. El Al unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of her age. By reason thereof, El Al has violated the NYSHRL.

74. As a direct and proximate result of El Al's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which

was brought about by virtue of El Al's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

75. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

### AS AND FOR A FIFTH COUNT

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

77. Plaintiff is female and belongs to a class of employees protected by the Federal EPA.

78. El Al has engaged in discrimination and has condoned a hostile work environment against Plaintiff based on her gender by treating her differently in the terms, conditions, and degree of compensation of her employment than other similarly situated male employees are treated.

79. El Al's discriminatory conduct was willful, purposeful, and deliberate.

80. By virtue of the foregoing, El As has violated the Federal EPA.

81. As a direct and proximate result of El Al's unlawful and discriminatory practices as described above, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of El Al's systematic and continuous discriminatory practices.

82. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SIXTH COUNT

83. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "59" inclusive with the same force and effect as if fully set forth at length herein.

84. Plaintiff is female and belongs to a class protected by the New York EPA.

85. El Al engaged in discrimination and condoned a hostile work environment against Plaintiff based on her gender by treating her differently in the terms, conditions, and degree of compensation of her employment than other similarly situated male employees were treated.

86. El Al's discriminatory conduct was willful, purposeful, and deliberate.

87. By virtue of the foregoing, El Al has violated the New York EPA.

88. As a direct and proximate result of El Al's unlawful and discriminatory practices as described above, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of El Al's systematic and continuous discriminatory practices.

89. As a direct and proximate result of El Al's discriminatory practices, Plaintiff has also sustained significant economic damages.

**WHEREFORE,** Plaintiff demands the following relief:

a) a money judgment against El Al for her damages including, but not limited to, lost wages, liquidated damages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

b) reinstatement or, in the alternative, front pay;

c) an award of punitive damages and attorneys' fees;

e) prejudgment interest and costs; and

   f)  such further and additional relief as the Court deems just and appropriate under the circumstances.

             COREY STARK PLLC


             /s/
             By: Corey Stark (CS-3897)
             *Attorneys for Plaintiff*
             110 East 59th Street, 22nd Floor
             New York, New York  10022
             (212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      June 4, 2021

                                      COREY STARK PLLC

                                      /s/_____
                                      By: Corey Stark (CS-3897)
                                      *Attorneys for Plaintiff*
                                      110 East 59th Street, 22nd Floor
                                      New York, New York  10022
                                      (212) 324-3705